# Martin Curran, Appellee, v. Wells Brothers Company, Appellant.

## Gen. No. 22,722.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

## Statement of the Case.

Action by Martin Curran, plaintiff, against Wells Brothers Company, a corporation, defendant, to recover damages for personal injuries sustained by a plank falling from a platform upon plaintiff while he was employed by defendant. From a judgment for plaintiff for $3,000, defendant appeals.

BRUNDAGE, LANDON & HOLT, for appellant.

FRANCIS J. WOOLLEY, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1672*—*when question of insufficiency of pleadings is waived.* In an action to recover damages for injuries sustained by an employee while in the employ of the defendant, where the defendant filed plea of the general issue and special plea setting up in defense that defendant had elected to pay compensation under the Workmen's Compensation Act, to which the plaintiff filed replication that defendant had not furnished to plaintiff or posted the required notices under that act, *held* that defendant had waived its right to present on review the question whether it was the duty of the plaintiff to allege in his declaration facts which would take both plaintiff and defendant out of the operation of the Workmen's Compensation Act, as the pleadings presented that issue

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and no objection was made by either party or a ruling made on the question by the court.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when action is not brought under.* Where an action was brought to recover damages for injuries sustained by an employee while in the employ of the defendant, to which the defendant filed plea of the general issue and special plea setting up in defense that defendant had elected to pay compensation under the Workmen's Compensation Act, and the plaintiff filed replication that defendant had not furnished to plaintiff or posted the notice required by that act, *held* that such action was not brought under that act but under the common-law right of plaintiff.

3. WORKMEN'S COMPENSATION ACT, § 2*—*when evidence sufficient to show failure of employer to post notice of election to come under.* Evidence *held* sufficient to warrant the finding that defendant had not posted the notice required by the Workmen's Compensation Act of employers electing to pay compensation thereunder, in an action to recover damages for injuries sustained by an employee while in defendant's employ.

4. WORKMEN'S COMPENSATION ACT, § 2*—*when employee not bound by act.* Under the Workmen's Compensation Act of 1911, sec. 1, subsec. 3, ¶ "c" (J. & A. ¶ 5449), providing that where an employer elects to pay compensation under that act "every employee of such employer" shall also be bound by the act unless he shall within thirty days after his hiring file notice to the contrary with the secretary of the State Bureau of Labor Statistics, and containing the proviso "that before any such employee" shall be so bound the employer shall furnish to him or post a statement of the compensation provisions of the act, *held* that the words "such employee" used in the proviso related to and modified the words "every employee of such employer" used at the beginning of the paragraph, and by such proviso construed with the whole context of the paragraph the Legislature meant that an employee would not be bound by the act where the employer had not furnished a statement or posted notices as required by the proviso.

5. STATUTES—*when rule of reference to last antecedent not applied.* While the words "aforesaid," "said," "their" and "such" in a statute will generally be referred to the last antecedent, such rule will not be strictly applied where such application would result in destroying or materially altering the intention of the Legislature as expressed in the whole context of the language under consideration.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.